IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Weston Townes Homeowners Association, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, SPARTANBURG DIVISION:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Fire and Casualty Company ("State Farm") files this Notice of Removal of this action from the Court of Common Pleas, Spartanburg County, State of South Carolina. All filings and process and pleadings served upon State Farm, including the state court complaint, are attached as Exhibit 1.

**STATEMENT OF GROUNDS FOR REMOVAL**

1. Weston Townes Homeowners Association ("Plaintiff") filed a Summons and Complaint in the Court of Common Pleas, Spartanburg County, State of South Carolina, against State Farm on May 28, 2025. (*See* Compl., Ex. 1.)

2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441, in that there is complete diversity of citizenship between Plaintiff and State Farm, and the amount in controversy exceeds $75,000, exclusive of interests and costs, based on the claims asserted and the recovery sought in the Complaint, and considering Plaintiff's pre-suit demand for payment.

Citizenship of the Parties

3. State Farm was at the time of filing and still is a company organized and existing under the laws of the State of Illinois, with its principal pace of business in Illinois and, accordingly, is a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

4. Upon information and belief, Plaintiff is a nonprofit company organized and existing under the laws of the State of South Carolina. Upon information and belief, Plaintiff is not a citizen of the State of Illinois.

5. Thus, there is complete diversity of citizenship between State Farm and Plaintiff.

Amount in Controversy

6. A removing party seeking to invoke diversity jurisdiction must show within a reasonable probability that the amount in controversy has been satisfied. *Meadows v. Nationwide Mut. Ins. Co.*, No. 1:14-CV-04531-JMC, 2015 WL 3490062, at *2 (D.S.C. June 3, 2015) (citing *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 462 (D.S.C. 2005)); *Stewart v. AT & T Mobility LLC,* No. CIV.A. 3:10-3083-CMC, 2011 WL 3626654, at *2 (D.S.C. July 21, 2011), *report and recommendation adopted as modified on other grounds,* 2011 WL 3626641 (D.S.C. Aug. 17, 2011).

7. Actual damages, consequential damages, punitive damages and claims for attorney's fees must each be considered and included in the determination of the amount in controversy. *Brailsford v. Fresenius Med. Ctr. CNA Kidney Centers LLC,* No. 2:15-CV-04012-DCN, 2017 WL 1214337, at *4 (D.S.C. Apr. 3, 2017) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *American Health and Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003)); *Clear Choice Constr., LLC v. Travelers Home & Marine Ins. Co.,* No. CV 0:17-1890-MBS, 2018 WL 718960, at *2 (D.S.C. Feb. 6, 2018) (citing *Heyward,* 272 F. Supp.

2d at 581; *Thompson v. Victoria Fire & Cas. Ins. Co.,* 32 F. Supp. 2d 847 (D.S.C. 1999)). A plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999). Absent specific damages sought in the complaint, the court may consider "any evidence of the amount in controversy." *Gwyn v. Wal-Mart Stores,* 955 F. Supp. 44, 46 (M.D.N.C. 1996).

8. Here, because there is an absence of a specifically pled dollar amount in the Complaint, the nature of the claims made and relief sought must be examined. In this regard, Plaintiff makes the following claims and seeks the following relief:

a. The Complaint alleges Plaintiff's property was insured by State Farm and "a significant weather event" on or about June 15, 2023 caused "significant damage" to the roofs of the insured property. (Compl. ¶¶ 9, 17.)

b. Plaintiff asserts a cause of action for breach of contract accompanied by a fraudulent act, through which Plaintiff seeks to recover "actual, direct, incidental, consequential, and punitive damages," including the actual cost of replacement of **twenty-four roofs**. (Compl. ¶ 31.) According to the Complaint, State Farm refused to pay Plaintiff's claim in full for the replacement of twenty-four roofs covered under the subject insurance policy issued by State Farm. (Compl. ¶¶ 16, 17, 27.)

c. Plaintiff also asserts a cause of action for bad faith, under which Plaintiff seeks to recover "actual, direct, indirect, incidental, and consequential damages as well as punitive damages, together with prejudgment interest, attorney's fees…and litigation costs." (Compl. ¶ 37.)

9. While Plaintiff, in its Complaint, does not specifically plead a dollar amount of damages it seeks to recover, the amount in controversy is not indeterminate from the face of the Complaint. Given Plaintiff seeks to recover the actual replacement costs of twenty-four roofs as well as extra-contractual consequential damages together with punitive damages and attorney's fees, it is reasonable to conclude the amount in controversy set forth in the Complaint exceeds the jurisdictional threshold of $75,000. *See Zuber v. Goodyear Tire & Rubber Co.,* No. 3:19-CV-0015-CMC, 2019 WL 4439431, at *2 (D.S.C. Sept. 17, 2019) ("[W]here Plaintiff pled actual damages…in addition to punitive damages, it is reasonable to conclude the amount requested was over the jurisdictional threshold.").

10. Moreover, on April 14, 2025, Plaintiff, through its counsel, sent State Farm an estimate of the alleged damages for which Plaintiff seeks to recover, the amount of which exceeds $1,200,000.

11. Thus, based on the claims made by Plaintiff and the relief sought in the Complaint and considering Plaintiff's pre-suit claim that it is entitled to more than $1,200,000, the amount in controversy exceeds $75,000.00 and this case is within the original jurisdiction of the U.S. District Court. *See Woodward,* 60 F. Supp. 2d at 532 (finding the jurisdictional amount satisfied based on the complaint alone where "it does not appear to a legal certainty that the amount in controversy is for $75,000 or less" and plaintiff made a claim for punitive damages); *Barker v. Washington Nat'l Ins. Co.,* No. 9:12-cv-1901-PMD, 2013 WL 1767620, at *2 (D.S.C. Apr. 24, 2013) (amount in controversy satisfied where actual amount in controversy at the time of removal was approximately $40,000 but Plaintiff also sought punitive damages, attorney's fees, and costs); *Mattison,* 2011 WL 494395, at *3 (finding removal proper because of reasonable probability that amount in controversy exceeded $75,000 when complaint did not include a determined amount of

damages but included, among other claims, a claim for punitive damages, noting plaintiff's "request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [her] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial"); *Kress v. Alabama Motor Exp.,* No. 8:04-22042-RBH, 2005 WL 3298886, at *1 (D.S.C. Dec. 5, 2005) ("It must appear to a legal certainty that the plaintiff cannot recover the jurisdictional amount before the case will be dismissed for want of jurisdiction. Punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages. Viewing the allegations of the complaint, the court cannot say to a legal certainty that Plaintiff is precluded from recovering the jurisdictional amount. . . . [T]he plaintiff claims damages, both actual and punitive, in an amount to be determined by the court. As such, this court concludes that Plaintiff's claims for relief in an unspecified amount may easily be read to meet the amount in controversy.").

## **TIMELINESS OF REMOVAL**

12. State Farm, through the South Carolina Department of Insurance, was served with the Summons and Complaint on June 20, 2025.

13. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of the June 20, 2025, service on State Farm.

## **NOTICE**

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Spartanburg County Court of Common Pleas for Case No. 2025-CP-42-02847.

## **CONCLUSION**

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action should proceed in the United States District Court for the District of South Carolina, Spartanburg Division, as an action properly removed thereto.

        WHELAN MELLEN & NORRIS, LLC

        By: *s/ M. Kathleen McTighe Mellen*
            M. Kathleen McTighe Mellen
            Federal Bar No. 11652
            E-Mail: katie@whelanmellen.com
            Sarah D. Baum
            Federal Bar No. 13421
            E-Mail: Sarah@whelanmellen.com
            89 Broad Street
            Charleston, SC 29401
            (843) 998-7099

        *Counsel for State Farm Fire and Casualty Company*

July 17, 2025

Charleston, South Carolina