# Exhibit 1

*State Court Documents*



# South Carolina
# Department of Insurance
Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

**HENRY McMASTER**
Governor

**MICHAEL WISE**
Director

June 20, 2025

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
STATE FARM FIRE AND CASUALTY CO
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On June 20, 2025, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to ccrooks@doi.sc.gov.** When replying, please refer to File Number 204504, Weston Townes Homeowners Association v. State Farm Fire & Casualty Company, 2025-CP-42-02847.

By:

Anthony Ibarra
Associate General Counsel
(803)737-6039

Sincerely Yours,

Michael Wise
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Tamara A. Greer Esq.
350 North Lake Destiny Road
Maitland, FL    32751

ELECTRONICALLY FILED - 2025 Jul 06 2:56 PM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

ELECTRONICALLY FILED - 2025 Jul 06 2:56 PM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

Weston Townes Homeowners Association;

      *Plaintiff*,

  v.

State Farm Fire & Casualty Company;

      *Defendant.*

COURT OF COMMON PLEAS

SEVENTH CIRCUIT

C.A. No. _____

**SUMMONS**

(Jury Trial Demanded)

**TO: ALL DEFENDANTS NAMED ABOVE**

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you and to serve a copy of your Answer to said Complaint on the subscriber at her office, Tamara A. Greer, Esq., 350 North Lake Destiny Road, Maitland, Florida 32751, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to appear and defend the action as required by law, judgment by default will be rendered against you for the relief demanded in the Complaint.

*/s/ Tamara A. Greer*

**COHEN LAW GROUP**

Tamara A. Greer, Esq.

*FOR THE FIRM*

South Carolina Bar Number: 103370

Florida Bar Number: 1004732

350 North Lake Destiny Road

Maitland, Florida 32751

Phone: (407) 478-4878

Fax: (407) 478-0204

Primary: tgreer@itsaboutjustice.law

Secondary: adriana@itsaboutjustice.law

May 27, 2025

STATE OF SOUTH CAROLINA

COUNTY OF SPARTANBURG

Weston Townes Homeowners

Association;

         *Plaintiff,*

    v.

State Farm Fire & Casualty Company;

        *Defendant.*

IN THE COURT OF COMMON PLEAS
SEVENTH JUDICIAL CIRCUIT


**COMPLAINT**
(Jury Trial Demanded)

The Plaintiff, Weston Townes Homeowners Association ("Plaintiff"), complaining of Defendant above-named, would respectfully show unto this Honorable Court as follows. All sections of allegations below are incorporated into one another as if restated therein:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Weston Townes Homeowners Association is a horizontal property regime organized and existing under the laws of the State of South Carolina as provided in the Horizontal Property Act, S.C. Code Ann. § 27-31-10, *et seq.* (1976, as amended) and located in Spartanburg County, South Carolina.

2.     Plaintiff is a nonprofit organization organized and existing pursuant to the laws of the State of South Carolina, and administers the Weston Townes Homeowners Association.

3.     Upon information and belief, the Defendant State Farm Fire & Casualty Company is an insurance company incorporated pursuant to the law of the State of Illinois and is registered with the South Carolina Department of Insurance to sell insurance in South Carolina and conducted business, in whole or in part, at all times relevant hereto in Spartanburg County, South Carolina.

4.     This Court has jurisdiction over the subject matter and the parties to this action.

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

5.     Venue is proper in Spartanburg County in accordance with S.C. Code § 15-7-30.

**FACTS**

6.     Prior to June 15, 2023, Plaintiff purchased a property insurance policy from State Farm, Policy Number 99CFZ4344 (hereinafter referred to as the "Policy.")  *Plaintiff does not have a full and complete copy of the Policy, however, Plaintiff verily believes a full and complete copy is in the possession of the Defendant and is fully known by the Defendant.*

7.     Plaintiff made all payments owed to State Farm under the policy and State Farm accepted all payments.

8.     Upon information and belief, a wind and/or hailstorm occurred in the area of the Subject Property on or about June 15, 2023 (the "Hailstorm").

9.     The Hailstorm was a significant weather event in Spartanburg County and particularly in Moore, South Carolina. The storm was caused by an anomalously strong upper-level disturbance (for mid-June), which caused widespread winds downing numerous trees onto power lines and utility equipment as well as quarter-sized hail throughout the region.

10.     The Policy was in full force and effect as of June 15, 2023.

11.     Upon information and belief, property damage hail claims were made and paid throughout much of Spartanburg County, and the Defendant concedes that the Plaintiff's property was damaged by the Hailstorm on this date.

12.     As also conceded by Defendant, the Hailstorm caused damage to the roofs of the Subject Property.

13.     Plaintiff became aware of the damage soon after the Hailstorm and proceeded to submit their claim to the Defendant.

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

14.     Upon inspection, Plaintiff discovered significant hail damage to all 24 buildings contained within the community.

15.     Plaintiff timely filed an insurance claim with Defendant which consisted of a claim for damage to all 24 buildings and State Farm assigned claim number 40-54F7-18C (the "Claim").

16.     Leading to its concession of the Hailstorm's occurrence, Defendant inspected the Subject Property on or around October 21, 2023, and found covered damage to the surfaces of the roof and/or soft metals from the Hailstorm to all 24 buildings owned and maintained by the Plaintiff.

17.     To the best of the Plaintiff's belief, the Hailstorm caused these widespread and significant damages to the property and the roof/soft metals of the property are not candidates for the roof repairs which Defendant blanketly identified.  Instead, the damaged materials are all in need of replacement.

18.     Plaintiff has complied with all conditions precedent to this lawsuit which entitles Plaintiff to recover under the Policy, or any such conditions have been waived by State Farm.

19.     As of the date of this filing, the Claim has been pending for approximately twenty-three (23) months; during that time, Defendant has tendered a mere single payment, on January 13, 2025.

20.     As a result of Defendant's nominal payment, the Plaintiff has been unable to restore the damaged properties to pre-loss condition.

21.     At all relevant times, Defendant acted to further its own interests to the detriment of its insured.

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

22.     As set forth throughout, and as will be set forth with additional evidence throughout the discovery process and at trial, Defendant engaged in the following improper claims practices as outlined in S. C. Code Ann. § 38-59-20:

    a.     Knowingly misrepresented to insureds pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages.

    b.     Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies.

    c.     Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims.

    d.     Not attempting in good faith to effect prompt, fair, and equitable settlement of claims submitted to it in which liability has become reasonably clear.

    e.     Compelling policyholders or claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers.

    f.     Offering to settle claims for an amount less than the amount otherwise reasonably due or payable based upon the probability that the policyholder or claimant would be required to incur attorneys' fees to recover the amount reasonably due or payable.

    g.     Engaging in other practices which constitute an unreasonable delay in paying or an unreasonable failure to pay or settle in full claims arising under coverages provided by its policies.

## SECOND CAUSE OF ACTION
(Breach of Contract Accompanied by a Fraudulent Act)

23.     Plaintiff adopts by reference as if incorporated verbatim, all the allegations made in the foregoing paragraphs as if fully restated herein.

24.     An insurance policy, including the subject Policy, is a contract between the insurer and insured that is defined by its terms and other legal principles.

4

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

25.     Plaintiff paid all premiums due and owing for coverage provided by the Policy and complied with all conditions precedent required under the Policy.

26.     In failing to properly investigate Plaintiff's claims in a timely, fair and expedient manner, Defendant breached their contract, as well as Plaintiff's rights, and their obligations set out in the Policy.

27.     In failing to timely pay the hail damage claims in full made under the coverages provided in the Policy, Defendant has breached its contract as well as the terms and conditions of the Policy.

28.     In addition, Defendant's breach of contract was accompanied by one or more fraudulent acts.

29.     Instead of paying Plaintiff's claim in full since the policy was in effect at the time that the damage occurred to the Plaintiff's roofs, Defendant created a series of false and pretextual reasons to not pay the claim in full so that Plaintiff could restore the roofs to the pre-loss condition.

30.     All of Defendant's claimed bases for failing to pay the claim in full were knowing illegitimate and pretextual, and they all constitute fraudulent acts accompanying Defendant's breach of contract.

31.     As a direct or proximate result of this breach, Plaintiff is entitled to recover the actual, direct, incidental, consequential, and punitive damages including but not limited to the cost of replacement of the twenty-four (24) roofs and other associated roof components damaged by the Hailstorm, together with prejudgment interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
(Bad Faith)

32.     Plaintiff adopts by reference as if incorporated verbatim, all the allegations made in the foregoing paragraphs as if fully restated herein.

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

33.     State Farm had a duty to act in good faith and fair dealing with the Plaintiff-insured as is implied in every policy of insurance issued in South Carolina.

34.     In failing to promptly investigate Plaintiff's Claim in a diligent manner, Defendant has acted with willful, wanton, and/or reckless disregard of Plaintiff's rights, despite their timely notice of the Claim and repeated demands for payment under the Policy.

35.     More specifically, Defendant has committed the following acts or omissions in bad faith:

> a.     Failing to pay under their policy in conscious, willful and/or reckless disregard of Weston's rights.
>
> b.     Failing to undertake an adequate and reasonable investigation within a reasonable period of time.
>
> c.     Failing to acknowledge a reasonable promise of pertinent communication with respect to the claims arising under the Policy.
>
> d.     Failing to adopt and implement reasonable standards for the prompt investigation for the settlement of claims arising under the Policy.
>
> e.     Not attempting in good faith to effectuate fair and equitable settlement of claims submitted.
>
> f.     Refusing to give reasonable interpretations of the provisions in the Policy or any reasonable application of such provisions to the claims and acting instead to protect their own financial interest at the expense of Weston's rights.
>
> g.     Acting to protect their own financial interest at the expense of the rights of the insured.
>
> h.     Otherwise engaging in unfair and deceptive claims handling practices and violations of South Carolina law.
>
> i.     Acting in such other manners as set forth in the Facts section above.
>
> j.     Acting in such other manners as may be shown through discovery or at trial of the case.

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847

36.    As a direct or proximate result of the bad faith exhibited by Defendant, Plaintiff has been compelled to engage legal counsel to initiate litigation to recover under the Policy as well as incur costs associated with that litigation.

37.    As a direct or proximate result of the bad faith exhibited by Defendant, Plaintiff is entitled to recover an award of all actual, direct, indirect, incidental, and consequential damages as well as punitive damages, together with prejudgment interests, attorneys' fees in accordance with S.C. Code § 38-59-40, and litigation costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

i)    That a judgment be entered in favor of Plaintiff against Defendant for any and all actual, direct, indirect, incidental and consequential damages as well as punitive damages arising from Defendant's bad faith together with pre-judgment interest, attorneys' fees, and litigation costs.

ii)    That in the alternative, a judgment be entered in favor of the Plaintiff against Defendant for its breach of contract accompanied by a fraudulent act, including any and all actual, direct, indirect, incidental, consequential, and punitive damages arising from Defendant's breach of contract accompanied by a fraudulent act together with pre-judgment interest, attorneys' fees and litigation costs.

iii)    That a trial by jury be had as to all issues of fact, liability, and damages.

iv)    That Plaintiff recovers its billable costs included herein.

v)    That Plaintiff be awarded any and all other such relief as the Court deems just and proper.

**As submitted above, Plaintiff maintains its demand and right to a Jury Trial.**

Respectfully submitted,

/s/ Tamara A. Greer

**COHEN LAW GROUP**
Tamara A. Greer, Esq.
*FOR THE FIRM*
South Carolina Bar Number: 103370
R. Ryan Smith, Esq.
South Carolina Bar Number: 105606
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: tgreer@itsaboutjustice.law
Secondary: adriana@itsaboutjustice.law
Tertiary: rsmith@itsaboutjustice.law

**SWILLEY LAW FIRM, LLC**
Matthew S. Swilley, Esq.
South Carolina Bar Number: 78750
129 S. Coit Street
Florence, SC 29501
(843) 250-3632
matt@swilleylaw.com

**Attorneys for Plaintiffs**

May 27, 2025

ELECTRONICALLY FILED - 2025 May 28 10:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4202847